UNITED STATES of America, Plaintiff,

v.

ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant.

Civ. No. 366–61–TC.

United States District Court
S. D. California,
Central Division.

May 23, 1962.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief, Civil Division, Robert A. Smith, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Robert W. Walker, J. H. Cummins, Edward J. Riordan, Los Angeles, Cal., for defendant.

THURMOND CLARKE, District Judge.

This suit was instituted by the United States on a single cause of action for a statutory penalty under Section 9, Title 45 U.S.C.A., a provision of the Safety Appliance Acts.

The facts are not in dispute. Defendant is a common carrier engaged in interstate commerce in California. On December 8, 1960, defendant originated a train in Los Angeles. As required by Title 49 Code of Federal Regulations § 132.1 (1958), at least 85% of the train's cars were in an unbroken unit and shared a continuous air brake line. Each of these car's power brakes were operated by the engineer of the locomotive drawing the train. Within the power brake unit was a boxcar designated as A. T. S. F. 10276. Before the train left Los Angeles a train brake inspection was made and the power brakes on boxcar 10276 were found to be operative. The train's first stop was at San Bernardino, California, where 28 cars in a solid block were added to the head of the train. At this time the brakes of the newly added cars were individually inspected and the entire air brake system was tested, pursuant to Title 49 Code of Federal Regulations § 132.13(d) (1) (1960 Supp.). Thereafter the train left for Barstow, California. En route the power brakes on boxcar 10276 failed to operate. The defect in the boxcar's brakes was subsequently discovered in Barstow, and repaired before further movement of the car.

The facts as stipulated reveal a violation of Title 45 U.S.C.A. § 9, which provides, in part, that:

"Whenever, as provided in sections 1–7 of this title, any train is operated with power or train brakes [,] not less than 50 per centum of the cars in such train shall have their brakes used and operated by the engineer of the locomotive drawing

such train; *and all power-braked cars in such train which are associated together with said 50 per centum shall have their brakes so used and operated;* and, to more fully carry into effect the objects of said sections, the Interstate Commerce Commission may, from time to time, after full hearing, increase the minimum percentage of cars in any train required to be operated with power or train brakes which must have their brakes used and operated as aforesaid. \* \* \*" (Emphasis added).

In 1910, pursuant to the mandate contained in Section 9, the Interstate Commerce Commission increased the minimum percentage of cars, in any train, to be operated by power brakes to 85%.

■ ■ Section 9 is designed to prevent what is referred to as slack action. Slack action occurs when a train's brakes are applied causing an unbraked car, connected on the air brake line, to bump the car ahead and then to be pulled by its slack bar by the car behind. Only when uncontrolled cars are at the rear of all power-braked cars is this dangerous condition eliminated. Section 9 is violated whenever even one car, connected on the air brake line, does not have its air brakes operative. New York Cent. R. R. Co. v. United States, 265 U.S. 41, 44 S.Ct. 436, 68 L.Ed. 892 (1924).

■ It is defendant's position that the court cannot consistently accept the parties' stipulation, that the inspection of the train's brakes in San Bernardino complied with Section 132.13(d) (1), and yet find a violation of Section 9 of the Safety Appliance Acts. Defendant's position is not well taken. Literal compliance with the Safety Appliance Acts is required. St. Louis, I. M. & S. Ry. Co. v. Taylor, 210 U.S. 281, 28 S.Ct. 616, 52 L.Ed. 1061 (1908); Chicago, B. & Q. Ry. Co. v. United States, 220 U.S. 559, 31 S.Ct. 612, 55 L.Ed. 582 (1911). Ignorance of a defect does not excuse a violation of a provision of the Acts. Chesapeake & Ohio Ry. Co. v. United

States, 226 F. 683 (4th Cir.1915); Baltimore & Ohio Southwestern R. R. Co. v. United States, 242 F. 420 (6 Cir.1917). A provision of the Safety Appliance Acts cannot be satisfied by rendering a performance equivalent to that which the Acts require. St. Joseph & G. I. Ry. Co. v. Moore, 243 U.S. 311, 37 S.Ct. 278, 61 L.Ed. 741 (1917); Louisville & Jeffersonville Bridge Co. v. United States, 249 U.S. 534, 39 S.Ct. 355, 63 L.Ed. 757 (1919). In addition, the Commission has not been given authority to nullify or set aside any provision of the Acts. Shields v. Atlantic Coast Line R. R. Co., 350 U.S. 318, 76 S.Ct. 386, 100 L.Ed. 364 (1956). Therefore, compliance with an inspection provision, promulgated by the Interstate Commerce Commission, cannot be treated as the equivalent of compliance with Section 9 of the Safety Appliance Acts.

■ As its second defense defendant relies on the proviso contained in Section 13 of the Safety Appliance Acts, which reads:

"That where any car shall have been properly equipped, as provided in sections 1–16 of this title, and such equipment shall have become defective or insecure while such car was being used by such carrier upon its line of railroad, *such car may be hauled from the place where such equipment was first discovered to be defective or insecure to the nearest available point where such car can be repaired, without liability for the penalties imposed by this section or section 6 of this title,* if such movement is necessary to make such repairs and such repairs cannot be made except at such repair point. \* \* \*." (Emphasis added.)

The agreed facts show that the brakes on boxcar 10276 became inoperative somewhere between Los Angeles and Barstow, but that the defect was not discovered by defendant until the train reached Barstow. On the basis of these facts there was a period of time during which defendant hauled the boxcar, with-

out any knowledge that its brakes were defective. Therefore, defendant's reliance on Section 13 is misplaced since that section is only available to excuse violations of the Safety Appliance Acts occurring after discovery of the defect. United States v. Southern Pacific Co., 285 F.2d 931 (9th Cir.1960).

It Is Therefore Ordered that judgment be entered for the plaintiff in the amount of $250.00, pursuant to Section 6 of the Safety Appliance Acts.